UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SAMUEL ADELANKE ADEGBESOTE,

Petitioner,

v.

LESLIE D. TRITTEN, Field Office Director, St. Paul District, United States Citizenship and Immigration Services (CIS); KENNETH T. (KEN) CUCCINELLI, Senior Official Performing the Duties of the Director, United States Citizenship and Immigration Services (CIS); WILLIAM P. BARR, United States Attorney General; and CHAD WOLF, Acting Secretary, Department of Homeland Security,

Respondents.

Civil No. 20-1940 (JRT/DFJ)

**MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

---

Patrick Chinedu Nwaneri, **NWANERI LAW FIRM, PLLC,** 9898 Bissonnet Street, Suite 548, Houston, TX 77036;[1] Uchenna E. Nwaneri, **NWANERI LAW FIRM, PLLC,** 1885 University Avenue, Suite 222, Saint Paul, MN 55104, for Petitioner.

David W Fuller, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

---

[1] Patrick Chinedu Nwaneri was listed as the attorney of record on this case until his license was suspended in August 2022. Because his suspension has since ended and he was reinstated to practice in the District of Minnesota on January 18, 2023, he is included on this Order. (*See* Case No. 23-mc-00002, Order to Reinstate Patrick Chinedu Nwaneri to Practice, Jan. 18, 2023, Docket No. 3.)

Petitioner Samuel A. Adegbesote initiated this suit to adjudicate his Form N-400 naturalization application under 8 U.S.C. § 1447(b).  Adegbesote and Respondents—the Field Office Director for USCIS, Acting Director of USCIS, United States Attorney General, and Acting Secretary of the Department of Homeland Security—have both filed motions for summary judgment, and the Court must consider whether Adegbesote's marriage with Erica Shelton is legitimate or a "sham marriage," as this will determine whether Petitioner's N-400 application for naturalization should be granted.  Because the U.S. Citizenship and Immigration Services ("USCIS") is better suited to make this determination, the Court will deny both motions and remand the matter to USCIS.

## BACKGROUND

### I.     FACTS

Petitioner Samuel Adegbesote is a citizen of Nigeria.  (Pet. Hr'g Naturalization Appl. ¶ 8, Sept. 14, 2020, Docket No. 1.)  Adegbesote entered the United States in 2010 on a student visa.  (*Id.*)  He married a U.S. citizen, Erica Shelton on July 11, 2012.  (Decl. Samuel A. Adegbesote Opp. Resp. Mot. Summ. J., ¶ 9, Aug. 16, 2022, Docket No. 98.)  Based on Adegbesote's marriage to Shelton, he was granted conditional permanent resident status.  (Decl. Shauna L. Harrison ¶ 5, Dec. 14, 2020, Docket No. 15.)  However, the USCIS now has conflicting evidence regarding whether Adegbesote and Shelton lived together, the location and length of their living together, and whether and when they separated.  (*See e.g.,* Decl. Andrea R. Kyllonen ("Kyllonen Decl."), Ex. 25, 34:20–41:4, 42:5–6, July 11, 2022, Docket No. 74-25 (suggesting the two lived together for six months between 2012 and

2013 but not after that); *Id.*, Ex. 21, 170:24–25, July 11, 2022, Docket No. 74-21 (testifying that they never actually lived together at a residence that Adegbesote listed on his Form I-751 Application).)

Accordingly, USCIS had the agencies Fraud Detection and National Security Unit (FDNS) investigate his marriage. (*See* Decl. Suzanne E. Karnis ¶ 7, July 11, 2022, Docket No. 75.) During this investigation, FDNS determined most of the information Adegbesote provided about his living arrangements with Shelton were false. (*See id.* ¶ 17.) FDNS was unable to confirm that Adegbesote ever lived with Shelton. (*Id.*) FDNS relied on evidence including the above-described false statements Adegbesote made in his written application, during his 2016 interview under oath, the site visit, as well as other statements and writings made by Adegbesote. (*Id.* ¶¶ 23-27.)

## II.    PROCEDURAL HISTORY

USCIS has not adjudicated Petitioner's Application for Naturalization to date. (Decl. Samuel A. Adegbesote Supp. Mot. Summ. J. ¶ 12, July 11, 2022, Docket No. 79.) As such, Adegbesote petitioned the Court to assume jurisdiction over his naturalization application, order a hearing if needed, and grant his naturalization and issue the oath because more than 120 days had passed since completing his 2016 application and exam. (Pet. Hr'g Naturalization Appl. ¶ 6.)

Following the close of discovery, Respondents moved for summary judgment, arguing that Adegbesote's N-400 Application for Naturalization must be denied because: (1) Adegbesote did not meet the criteria for naturalization because he was not then living

in a marital union; (2) Adegbesote failed to establish the good moral character necessary for naturalization because he submitted false information to USCIS and provided false testimony during his N-400 interview; (3) Adegbesote entered into a sham marriage for the purpose of obtaining an immigration benefit, and therefore his permanent resident status was granted in error.  (Resp'ts' Mot. Summ. J., July 11, 2022, Docket No. 72; *see generally* Mem. Supp.  Resp'ts' Mot. Summ. J., July 11, 2022, Docket No. 73.)

In response, Adegbesote also moved for summary judgment, arguing that his petition should be granted because he meets the eligibility requirement for naturalization based on his marriage to a U.S. Citizen.  (Pet.'s Mot. Summ. J., July 11, 2022, Docket No. 77; *see generally* Mem.  Supp. Pet.'s Mot. Summ. J.)  Adegbesote additionally argues that he has met the criteria for naturalization because he has passed the English, U.S. History, and Government tests, has resided continuously in the United States since December 31, 2010, and has no criminal record.  (Mem. Supp. Pet.'s Mot. Summ. J.  at 9.) Though Adegbesote is now separated from his Shelton, he argues that is not fatal to his claim because the separation qualifies as an "involuntary separation" under 8 C.F.R. 319.1(b)(2)(ii)(c).  (*Id.* at 22–26.)

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the suit, and

a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

II.     **ANALYSIS**

When USCIS has failed to act on an application for naturalization after 120 days of the applicant's interview, the applicant may generally seek a hearing in district court for a determination on the application. *See* 8 U.S.C. § 1447(b). The Court may either determine the matter or remand the matter to USCIS for determination. *Haroun v. DHS,* 929 F.3d 1007, 1010 (8th Cir. 2019).

Because more than 120 days have passed since USCIS interviewed Adegbesote, the Court has jurisdiction to consider his petition and may either "determine the matter or remand the matter" to USCIS. 8 U.S.C. § 1447(b); *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 808 (E.D. Va. 2007.); *Biyamin O. v. Tritten,* No. 21-2750, 2022 WL 1617743, at *2 (D.

Minn. May 23, 2022).  The Court acknowledges and empathizes with Adegbesote's frustration with the delay in adjudication of his application, but the Court finds remand appropriate in this case.

Adjudicating a petitioner's application in the first instance "requires expertise that this Court does not possess."  *Biyamin*, 2022 WL 1617743, at *2; *See also Morral v. Gonzales,* No. 07-2736, 2007 WL 4233069, at *2 (D. Minn. Nov. 28, 2007) (internal citation omitted).  This is because "USCIS has extensive knowledge and experience in evaluating the merits of a naturalization application," *Khan v. Gonzales,* 8:07CV29, 2007 WL 2108918, at *2 (D. Neb. July 18, 2007). Additionally, USCIS has already devoted a considerable amount of time and resources into investigating Adegbesote's application. USCIS has developed an extensive record regarding Adegbesote and his marriage to Shelton.  Therefore, at this stage, USCIS "is better suited than this Court" to adjudicate the merits of Adegbesote's application.  *Elmi v. Tritten,* No. 17-4762, 2018 WL 1701929, at *2 (D. Minn. Apr. 6, 2018).

Notably other district courts have remanded cases with similar delays.  *See e.g., Biyamin,* 2022 WL 1617743, at *1 (remanding to USCIS where application had been pending for over a year after USCIS interview); *Karar v. Frazier,* No. 07-1853, 2007 WL 3023327, at *6 (D. Minn. Oct. 12, 2007) (remanding to USCIS where application had been pending for nearly three years after USCIS interview); *Manzoor*, 472 F. Supp. 2d at 802,

810 (same); *Morral,* 2007 WL 4233069, at *1 (remanding to USCIS where application had been pending for eighteen months after USCIS interview).

Thus, the Court will remand the matter to USCIS with instructions to issue a decision on Adegbesote's application within 30 days pursuant to 8 U.S.C. § 1447(b). In doing so, the Court's decision is consistent with the results reached by the majority of courts that have considered cases arising under analogous circumstances. *See, Manzoor*, 472 F. Supp. 2d at 810 ("Importantly, however, the vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to [USCIS] with appropriate instructions, rather than determine the matter."). Should USCIS deny Adegbesote's application, he may "seek judicial review of the decision after exhausting administrative remedies." *Elmi*, 2018 WL 1701929, at *2 (*citing* 8 U.S.C. § 1447(a); 8 C.F.R. § 310.5).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondents' Motion for Summary Judgment [Docket No. 72] is **DENIED**.

2. Petitioner's Motion for Summary Judgment [Docket No. 77] is **DENIED**.

3. Petitioner's request for adjudication of his Application for Naturalization is **REMANDED** to the USCIS with instructions to the USCIS and other defendants as necessary to fully process and issue a determination on Petitioner's naturalization application within 30 days from the date of this Order. Upon

completion of the adjudication, the USCIS shall promptly inform this Court and the Petitioner of its decision.

4. Respondents are ordered to show cause to this Court for any failure to comply with the substance of the Court's Order and to do so within 30 days of the expiration of the 30–day deadline set forth herein.  This Court will retain jurisdiction over the matter in the interim to ensure that the USCIS complies with this Order.

DATED: January 18, 2023
at Minneapolis, Minnesota.

*s/ John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge